Craig V. Winslow (73196)
630 No. San Mateo Drive
San Mateo, CA 94401
Telephone: (650) 347-5445
Facsimile: (650) 347-4411

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re:

Case No. 10-47902

ROBERT BAKOVIC and
AMELA BAKOVIC,

          Debtors.         **Chapter 13 Plan**

_____

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $650.00 per month for 60 months.

   Debtor(s) elect a voluntary wage order. _____

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:

   (a) On allowed claims for expenses of administration by 11 USC §507.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| §506 | Non §506 | Name | Value of Collateral | Claim Amount | Pre Confirmation Adequate Protection | Post Confirmation Payments | Estimated Mortgage Arrears | Interest Rate (if specified) |
|---|---|---|---|---|---|---|---|---|
| | X | Patelco Credit Union | $13,880 | $4,874 | $300.00 | $300.00 | N/A | 4% |

With respect to secured claims per §506, valuation stated shall be binding unless a timely objection to confirmation is filed. With respect to non §506 secured claims as referenced in §1325, the claim, to the extent allowed shall control. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. A secured creditor shall retain its lien until th earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under §1328.

    (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507. Priority claims shall be paid in full except to the extent allowed otherwise under 11 U.S.C. §1322(a)(4).

    (d) On allowed general unsecured claims the debtor(s) estimate(s) the general unsecured claims will be paid 5%.

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).

4. The debtor(s) will pay directly the following fully secured creditors and lessors:

| Name | Monthly Payment | Name | Monthly payment |
|---|---|---|---|
| Citi Mortgage | $1,650.00 | Ameriprise | $100.00 |

5. The date this case was confirmed will be the effective date of the plan.

6. The debtor(s) elect to have property of the estate revest in the debtor(s) upon plan confirmation. Once the property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor (s) further propose pursuant to 11 U.S.C. §1322(b):

The Debtors' residence at 4324 Omega Ave, Castro Valley, California is valued at $445,000.00. (the "Residence") The Residence is encumbered by a first deed of trust in favor of Citi Mortgage in the amount of $257,826.00, a second deed of trust in favor of Ameriprise in the amount of $40,000.00, a third deed of trust in favor of Wilshire State Bank (SBA business loan; monthly payment paid by Light Point, Inc.) in the amount of $181,556.00 and a fourth deed of trust in favor of Chase in the amount of $177,810.00. The fourth deed of trust does not attach to any equity in the Residence. Debtors will file a motion to establish the value of the Residence at $445,000.00 and to establish the value of the Chase lien at zero. Upon successful completion of the confirmed Chapter 13 Plan, the court will enter an order voiding the Chase lien and stripping it from the Residence.

Debtors are leasing business premises at 1261 El Camino Real, Menlo Park, California. The lease payment will be made by Light Point, Inc.

Debtors are surrendering the rental real property at 3786 Flowering Peach, Las Vegas, Nevada. The rental property is encumbered by a first deed of trust in favor of CitiMortgage. Debtors waive the protection of the automatic stay and allow CitiMortgage to obtain possession and dispose of the real property without further Order of the Court. Any secured claim filed by CitiMortgage with respect to the secured loan will be deemed satisfied in full through surrender of the real property. Any unsecured deficiency claim must be filed by the bar date for unsecured debts and will be paid under paragraph 2(d).

```
      7/12/2010            /s/ Robert Bakovic          /s/ Amela Bakovic
Dated:_____       _____     _____
                               (Debtor)                      (Debtor)
```

I, Craig V. Winslow, am the legal counsel for the above named debtors(s) and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., San Francisco and Oakland Divisions, Model Chapter 13 Plan (October 2001), promulgated pursuant to B.L.R. 1007-1.

```
                       /s/ Craig V. Winslow
                       _____
                       Craig V. Winslow, Attorney for Debtor(s)
```